## No. 9318.

## COLUMBIA STEAM FIRE COMPANY NO. 5 VS. FIREMEN'S CHARITABLE ASSOCIATION.

Although an appellee and plaintiff is estopped from denying his jurisdictional allegation of damages sustained and his motion to dismiss will be refused, yet if upon an examination of the case on its merits it appears that the damages claimed are wholly unreal and fictitious, and all parties have treated the case as not involving any moneyed demand whatever, and thus want of jurisdiction is disclosed, the court will dismiss the appeal of its own motion.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Jos. P. Hornor* and *F. W. Baker* for Plaintiff and Appellee.

*Wynne Rogers* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The statement of the pleadings and of the issue presented thereby is so fairly made in the plaintiff's brief that we adopt it.

"The plaintiff alleges that on 6th March, 1865, it, with the other fire companies of the city of New Orleans, formed the defendant corporation, on certain terms and conditions as laid down in the charter, constitution and by-laws of the defendant, the Firemen's Charitable Association of New Orleans; that by the terms of that charter it was provided that the individual persons comprising the plaintiff corporation, Columbia Steam Fire Company No. 5, should be members of the Firemen's Charitable Association, provided, that with the exception of those who were members at the date of incorporation of defendant, plaintiff should not be entitled to have more than forty of its active members enrolled as members of defendant association; that no person could be a member of the association without being a member of one of the companies comprising the association, and that when any member of the association ceased to be a member of his company, he ceased *ipso facto* to be a member of the association; that each of the companies were the sole judges of whom they should admit to membership, and alone had power to discipline and expel their members, independently of the association, except in cases where such members should be accused of a violation of any of the provisions of the charter, constitution or by-laws of the defendant association, in which case the association and the company would both have jurisdiction.

"Plaintiff further alleges that, by the 7th article of its by-laws, any member could be impeached, admonished, fined or expelled upon charges "of conduct calculated to bring disgrace, contempt or deri-

sion on this company as a body," after due trial and conviction in said company. That at a regular meeting of the plaintiff company, held on 4th February, 1884, such charges were preferred against one W. H. Dougherty, then a member of the company, which were duly entertained by the plaintiff company and a copy of the same with specifications were served upon said Dougherty, together with a notice to appear, etc.; that on 3d March, 1884, said Dougherty did appear and pleaded not guilty, and was regularly tried and found guilty and expelled from his membership in the plaintiff company and, as a consequence thereof, from his membership in the defendant association, which was duly notified thereof, and said Dougherty ceased to be a member of the plaintiff company and of the defendant association.

"Plaintiff further alleges that subsequently, at a meeting of the board of delegates of the defendant association (the governing body) the said Dougherty presented a complaint against the action taken against him by plaintiff, which was received and acted upon by said board against the protest of the delegates representing the plaintiff herein; and on the 29th April, 1884, a resolution was adopted by said defendant association reinstating said Dougherty as a member of said association and placing him on plaintiff's roll without any formal articles of impeachment having been made against plaintiff, and without any form of trial and without hearing any evidence, all of which was *ultra vires*, illegal, null and void, and contrary to the provisions of the charter, constitution and by-laws of the defendant association, said defendant association having no jurisdiction whatever over the matter. That said illegal act of said association in trying to force upon the plaintiff company a member found guilty of violating its laws, and depriving the company of the right to have a better man member of the company upon the rolls of the defendant association as a member thereof from the plaintiff company has caused great damage, etc., and plaintiff pray for an injunction restraining the defendant from continuing to carry said Dougherty as a member upon its rolls, especially as a member of the plaintiff company.

"The answer virtually admits all the allegations of fact contained in the plaintiff's petition, and denies all the conclusions of law therein set forth; it especially admits the action of the defendant association relative to Dougherty complained of by the plaintiff, and avers that he became a member of the defendant association on 7th January, 1878, and on 7th January, 1884, upon the certificate of plaintiff's secretary that he had served six years as an active fireman, he was placed, in

accordance with defendant's constitution, upon the exempt roll of the defendant, and is credited to Columbia Fire Company No. 5 (plaintiff herein), through membership of which company he became a member of the defendant association; that since his membership of the defendant association he has always obeyed the constitution, etc., of the same, and been in all things in good repute and standing. That on 14th April, 1884, at a regular meeting of the defendant association, said Dougherty presented a petition in which he set forth that on 3d March, 1884, at a meeting of the plaintiff company, of which he was an exempt member, after a pretended trial on fictitious charges and despite his protest, he was declared expelled from his membership in the plaintiff company; and defendant avers that, if said expulsion had been legally and properly done, it would have the effect of depriving the said Dougherty of all relief that he would otherwise be entitled to at the hands of the defendant association, and he would be and remain a member in bad standing upon the rolls of the defendant association until his expulsion should have been rescinded by the company from which he was expelled; but defendant avers that such expulsion, to be binding and have full force and effect, must have been conducted in all things in accordance with the constitution, by-laws, etc., of the defendant association, and must have been based upon real and substantial charges, and not upon fictitious ones, otherwise it would be null and void and could and would have no force and effect. That the said petition of Dougherty contained allegations and charges which, if true, showed such a wanton and deliberate violation of the charter, etc., of the defendant association and of the rights and privileges of said Dougherty as a member of the defendant association, which would strike with nullity the aforesaid expulsion and render it as if it had never been, and defendant avers that it was her duty to inquire into and investigate the matters complained of in said petition of Dougherty; that she had the right to conduct this investigation by reason of the inherent powers that exist in all corporations for the proper protection of the rights and privileges of their members; and defendant avers that she did investigate said charges and complaint, and that the result of said investigation was the resolution complained of, which had the effect of annulling said pretended expulsion and restoring the said Dougherty to the position he occupied before the alleged expulsion took place.

"The only question really before this Court is, whether the Firemen's Charitable Association had an appellate jurisdiction over the action of Columbia Steam Fire Company No. 5, in the case stated."

Columbia Steam Fire Company No. 5 vs. Firemen's Charitable Association.

Upon this statement of the pleadings it is manifest we have no jurisdiction, but there is a formal allegation at the close of the petition that the plaintiff has suffered damage to the amount of three thousand dollars. The plaintiff had judgment below restraining and injoining the defendant from continuing Dougherty on its roll of members, and on the defendant lodging its appeal here, the plaintiff moved to dismiss on the ground of our want of jurisdiction. We refused that motion for the reason that a party is estopped from denying his own jurisdictional allegation, and we adhere to the principle there established. Motions to dismiss do not usually necessitate an examination of the merits. They rarely do and did not in this case.

But now that we have examined the whole case we find that the allegation of damage is fictitious and unreal. No evidence was offered to sustain it. No allusion was made to it on the trial. Of course the judgment below gave not a dollar, and equally of course no amendment of it is prayed here since there is no proof whatever of any damage.

It is therefore patent that both parties have treated the suit as not involving any moneyed demand. Dougherty is not a party to it. If he has been aggrieved by any act of the plaintiff, he has made no complaint to a court of justice about it. If he has suffered any damage by such act, he does not seek redress at our hands. These two corporations alone are disputing whether the conduct of the one in expelling a member is reviewable by the other, and however interesting the determination of that question may be to them, we can take jurisdiction of it only under constitutional warrant.

In Breaux vs. Judges, 34 Ann. 1220 the case was admittedly appealable somewhere, and the appellant having been led into the Circuit court by the appellee's own jurisdictional allegation we would not permit him to be ousted of his appeal by a subsequent counter allegation. The difference of this case at its present stage is patent.

While we would not permit the plaintiff to avoid our jurisdiction by a denial of his own allegation, the question whether we have jurisdiction lies behind that, and when the examination of the merits discloses want of it we must take cognisance of it and act accordingly, and therefore we dismiss the appeal of our own motion.

Rehearing refused.